**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

JAHRAUN MALACHI BRODHURST, SR.,

Plaintiff,

v. Case No. 8:26-cv-3175-WFJ-AEP

HILLSBOROUGH COUNTY SHERIFF,
*et al.*,

Defendants.
_______________________________________/

**ORDER**

Jahraun Malachi Brodhurst, an inmate at the Falkenburg Road Jail, initiated this action by filing a *pro se* civil-rights complaint under 42 U.S.C. § 1983. (Doc. 1). Mr. Brodhurst alleges that, since his arrival at the jail on September 25, 2026, unidentified jail personnel have failed to provide him with diabetes medication and a "medically appropriate 2,500-calorie diet." (Doc. 1-1 at 2-3). Based on these alleged constitutional violations, Mr. Brodhurst sues the Hillsborough County Sheriff, the "Jail Medical Administrator," and unidentified persons "responsible for medical treatment" at the facility. (*Id.* at 1-2). Upon review, *see* 28 U.S.C. § 1915A, the Court concludes that the complaint must be dismissed without prejudice for failure to state a claim.

First, to the extent that Mr. Brodhurst sues the Sheriff in his individual capacity, the claim fails because there are no allegations that the Sheriff "personally participate[d] in the alleged unconstitutional conduct," nor is there any allegation of "a causal connection

between [the Sheriff's] actions . . . and the alleged constitutional deprivation." *Myrick v. Fulton Cnty.*, 69 F.4th 1277, 1297 (11th Cir. 2023). To the extent that Mr. Brodhurst sues the Sheriff in his official capacity, the claim fails because nothing in the complaint suggests that the alleged denial of medication or a proper diet resulted from "a custom or policy" of Hillsborough County. *Brennan v. Headley*, 807 F. App'x 927, 937 (11th Cir. 2020); *see also Baysa v. Gualtieri*, 786 F. App'x 941, 947 (11th Cir. 2019) (noting that a claim "against the Sheriff in his official capacity" "is functionally a suit against the municipality[] . . . as a whole").

Second, Mr. Brodhurst fails to allege that the "Jail Medical Administrator" played any role in the events described in the complaint. Section 1983 "requires proof of an affirmative causal connection between the official's acts or omissions and the alleged constitutional deprivation." *Zatler v. Wainwright*, 802 F.2d 397, 401 (11th Cir. 1986). Such a "causal connection" may be established by showing that "the official was personally involved in the acts that resulted in the constitutional deprivation." *Id.* This means that "a plaintiff must plead that each Government-official defendant, *through the official's own individual actions*, has violated the Constitution." *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009) (emphasis added). Mr. Brodhurst alleges no facts connecting the Jail Medical Administrator to the alleged denial of care. Indeed, the complaint contains no allegations whatsoever about this person's conduct. Thus, Mr. Brodhurst fails to state a claim against the Jail Medical Administrator. *See, e.g.*, *Douglas v. Yates*, 535 F.3d 1316, 1322 (11th Cir. 2008) ("While we do not require technical niceties in pleading, we must demand that the

complaint state with some minimal particularity how overt acts of the defendant caused a legal wrong." (citing *Pamel Corp. v. P.R. Highway Auth.*, 621 F.2d 33, 36 (1st Cir. 1980))).

Third, Mr. Brodhurst cannot proceed against the unnamed persons "responsible for medical treatment" at the jail. (Doc. 1-1 at 2). "As a general matter, fictitious-party pleading is not permitted in federal court." *Richardson v. Johnson*, 598 F.3d 734, 738 (11th Cir. 2010). A plaintiff may sue real parties under fictitious names only when the plaintiff's description of the defendants is "sufficiently clear to allow service of process." *Dean v. Barber*, 951 F.2d 1210, 1215-16 & n.6 (11th Cir. 1992). The Eleventh Circuit "has never permitted [fictitious] pleading solely on the ground that discovery might reveal an unnamed defendant's identity." *Vielma v. Gruler*, 808 F. App'x 872, 880 (11th Cir. 2020). Instead, a plaintiff must provide "an unambiguous description of a defendant that enables service of process." *Id.* Here, Mr. Brodhurst describes the remaining defendants only as "the responsible medical providers" and "other identifiable officials responsible for the alleged denial of care." (Doc. 1-1 at 1). This information is not "specific enough to enable service of process." *Castle v. Cobb Cnty., Ga.*, No. 22-12156, 2023 WL 3772501, at *1 (11th Cir. June 2, 2023).

Because Mr. Brodhurst cannot proceed against any named defendant, this action will be dismissed without prejudice to Mr. Brodhurst's right to refile his claims in a new case with sufficient factual allegations to support § 1983 liability against a proper defendant.

Accordingly, it is **ORDERED** that:

1. This action is **DISMISSED without prejudice**. The Clerk is directed to **CLOSE** this case.

2. If he wishes to pursue his allegations, Mr. Brodhurst may file a new complaint in a new case, including sufficient factual matter to state a claim against a proper defendant.

**DONE** and **ORDERED** in Tampa, Florida, on October 21, 2026.

**WILLIAM F. JUNG**
**UNITED STATES DISTRICT JUDGE**